**UNITED STATES of America ex rel. Nicholas J. MARINACCIO, Relator-Appellant,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**No. 484, Docket 28837.**

United States Court of Appeals Second Circuit.

Argued June 3, 1964.

Decided Aug. 31, 1964.

Scott E. Bohon, New York City (John J. McAvoy, New York City, of counsel), for relator-appellant.

John DeWitt Gregory, Asst. Atty. Gen. of New York (Louis J. Lefkowitz, Atty. Gen., Philip Kahaner, Asst. Atty. Gen., and Brenda Soloff, Deputy Asst. Atty. Gen., of counsel), for respondent-appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York which denied, without a hearing, appellant's *pro se* petition for a writ of habeas corpus. The district judge granted a certificate of probable cause and assigned counsel to prosecute the appeal.

During his apprehension by detectives of the New York City Police Force on August 4, 1947, appellant, then seventeen years old, was shot four times. He was immediately taken to The Lincoln Hospital in critical condition. Several days later, while still hospitalized, appellant confessed to a killing which had occurred as he and a confederate were robbing a stationery store in the Bronx. An indictment for first degree murder followed on August 8, 1947. Appellant alleges that police interrogation continued following the indictment and that he was never advised of his right to counsel. On August 10, 1947, appellant was transferred to the prison ward at Bellevue Hospital and upon his discharge therefrom was arraigned on September 17, 1947 "for the purpose of fixing bail." Five days thereafter retained counsel filed their appearance, but did not ac-

tually consult with appellant until a few days later. On December 5, 1947, appellant withdrew his not guilty plea and entered a guilty plea to a reduced charge of second degree murder. On January 14, 1948, appellant was sentenced to a term of from thirty-five years to life in prison.

Fifteen years after his conviction, appellant made his fifth *pro se* application to the Supreme Court of the State of New York for a writ of error *coram nobis*, asserting claims identical to those raised in the petition in the district court, namely, that he was not promptly arraigned following his arrest; that he was not advised at the preliminary arraignment of his right to counsel; and, that his confession was unlawfully obtained. The application was denied without a hearing on the authority of People v. Nicholson, 11 N.Y.2d 1067, 230 N.Y.S.2d 220, 184 N.E.2d 190, cert. denied, 371 U.S. 929, 83 S.Ct. 300, 9 L. Ed.2d 237 (1962), the Appellate Division affirmed without opinion, 19 A.D.2d 863, 243 N.Y.S.2d 412 (1st Dep't 1963) and leave to appeal to the Court of Appeals was denied. The district court held that state remedies had been exhausted. See United States ex rel. Vaughn v. LaVallee, 318 F.2d 499, 500 n. 2 (2d Cir. 1963); People v. Nicholson, supra.

In the memorandum decision accompanying the denial of the writ, the district court observed: "Petitioner has not raised any questions as to the circumstances surrounding his plea of guilty. There is no reason to believe the plea was not completely voluntary with full awareness of the facts." The court held that appellant had by his guilty plea waived the matters now complained of and concluded: "No question has been raised as to the validity of the waiver, however. Petitioner was represented by counsel of his own choice at the time of the entry of the guilty plea." It is appellant's principal argument on appeal that the papers submitted to the district court put in issue the voluntariness of the guilty plea, and that the district court erred in failing to grant a hearing.

As appellant's appellate counsel has conceded, the home-drawn papers submitted to the district court made it "difficult to discover the significant facts, to place them in perspective and to realize their application to the question of the voluntariness of the guilty plea." Indeed, so difficult was this task, due to the inadequacy of the papers, that the district court's denial of the writ was grounded on the understanding that the validity of the guilty pleas was not then being challenged. Thus, both the claim that the plea was defective as well as the facts that would support such a contention were altogether obscure.

■ Of course, if appellant's guilty plea was involuntary, "unfairly obtained or given though ignorance, fear or inadvertence," Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), the resultant judgment of conviction is vulnerable to collateral attack by way of federal habeas corpus. See Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L. Ed. 1302 (1942); United States v. Tateo, 214 F.Supp. 560, 565 (S.D.N.Y.1963). The only issue before us is whether on these papers and the facts alleged therein the district court erred in denying a hearing in which the circumstances surrounding appellant's plea of guilty might be examined. When the petition accompanying the application for habeas corpus "reveals upon its face that it is defective as a matter of law, the habeas court may dismiss the application without a hearing. See 28 U.S.C. § 2243; Walker v. Johnston, 312 U.S. [275] at 284, [61 S.Ct. [574] at 578, 85 L.Ed. 830] (1942). * * *" United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963). However, "lack of technical competence of prisoners should not strangle consideration of a valid constitutional claim that is bunglingly presented." Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 443, 97 L.Ed. 469

(1953); see United States ex rel. Marcial v. Fay, 247 F.2d 662, 668–669 (2d Cir. 1957). And "[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding," Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), unless the allegations are "vague, conclusory, or palpably incredible." Machibroda v. United States, supra, 368 U.S. at 495, 82 S.Ct. 510; see United States ex rel. McGrath v. LaVallee, supra, 319 F.2d at 312.

■ Appellant has failed completely to allege relevant facts concerning the voluntariness of his plea. He alleges that he was young in years and that a confession was taken from him while he was hospitalized and evidently under sedation, some four months before he entered the guilty plea while represented by retained counsel. But the petition contains no allegation that the confession was improperly obtained or that his later plea was even remotely connected therewith. Indeed, petitioner's plea of not guilty was withdrawn and his plea of guilty entered more than ten weeks after he first obtained the assistance of counsel. Under these circumstances, we cannot conclude that his failure explicitly to challenge the voluntary nature of his guilty plea may be attributed to a mere "lack of technical competence." Before a hearing is called for, constitutionally significant facts must be set forth. See United States ex rel. Homchak v. People, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. Vaughn v. LaVallee, supra.

The court wishes to express its appreciation to Scott E. Bohon, who, with John J. McAvoy, of counsel, has ably represented appellant as court assigned counsel on the appeal.

Judgment affirmed.