Thomas **WELTON**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 70 C 587.

United States District Court,
E. D. New York.

May 14, 1970.

———◆———

Thomas E. Baynes, Jr., Atlanta, Ga., for petitioner.

**BRUCHHAUSEN**, District Judge.

On February 27, 1967, the petitioner, accompanied by his then attorney, Simon Chrein, Esq., appeared before this Court and pleaded guilty to a one-count indictment, charging that on or about December 28, 1966, he imported into this country more than ten pounds of heroin.

Before acceptance of his plea, he was informed of his legal rights, also that the maximum penalty for the offense was twenty years imprisonment or $20,000 fine or both.

On March 16, 1967, he was sentenced to a term of fifteen years.

He now applies for an order, setting aside the judgment of conviction and for leave to withdraw his plea of guilty and plead anew, upon the ground that he was not informed of the Statute, 26 U. S.C. § 7237(d) which precludes parole in narcotic cases.

In this Circuit, an allegation of innocence is required on a motion to withdraw a plea of guilty. See United States v. Norstrand Corp., 168 F.2d 481, Cir. 2 (1948).

The petitioner makes no such claim. In fact, his attorney, in his presence, at the time of sentencing, stated to the Court, viz: "He did plead guilty—well he admitted his guilt from the outset."

He had no alternative. Government agents caught him with the goods upon his arrival at Kennedy Airport. They found the heroin concealed in a false bottom of his luggage, also a British passport, issued to one William A. Davies. He admitted making five prior trips to this country and stated that he was assured of receiving $2,000 for delivery of the contraband.

He was then an ex-convict, having previous convictions of theft for which he was fined; living on immoral earnings, resulting in a sentence of three months and burglary for which the sentence was three years.

These convictions, coupled with the subject drug conviction, would not render him a likely prospect for parole nor could he reasonably expect it.

In Trujillo v. United States, 377 F.2d 266 (Cir. 5, May 18, 1967) the Court stated:

"As to the contention that he [the defendant] should have been even further enlightened with respect to the unavailability of parole, we quote * *

from Smith v. United States [116 U.S.App.D.C. 404, 324 F.2d 436], supra: 'It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility, the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a 'consequence' of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a 'consequence' of a plea of guilty * * *; rather, it is a consequence of the withholding of legislative grace.' Id. 324 F.2d at 441.

"We therefore conclude that the judge was not required to inform appellant of ineligibility for parole upon conviction of the offense charged in count three (unlawful sale of marijuana)."

Although the petitioner in his memorandum of law mentions that the rulings in Trujillo and Smith do not support his position, he failed to state that certiorari was denied by the Supreme Court of the United States in each case. Thus, despite his assertions to the contrary, Trujillo and Smith are now part of the laws of the United States.

The citations are Trujillo v. United States, 377 F.2d 266, certiorari denied in 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221; Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436, certiorari denied in 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975.

In United States v. Caruso, Mauro, et al., 280 F.Supp. 371 (Dec. 14, 1967), S.D. N.Y., in this Circuit (Cir. 2), Judge Croake stated:

"The essence of petitioner's (Mauro's) argument is that because he was unaware at the time he pleaded guilty that he would be ineligible for parole, the guilty plea was involuntary and/or not taken in accordance with Rule 11, Fed. R.Crim.P.

\* \* \* \* \* \*

"A defendant who has been informed of the maximum punishment to which he is exposed understands the consequences of a plea of guilty. If he is subject to parole, that is a benefit running in his favor. But release on parole is not something to which he has a right and is thus not a forseeable consequence of his plea."

The said defendant, Vincent Mauro, appealed the said ruling to the Court of Appeals for this Circuit. The said Court, in a per curiam decision, reported in 399 F.2d 158 (2 Cir., 1968), certiorari denied in 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215, held, viz:

"We affirm in open court the judgment of the district court which denied Mauro's motion to vacate, pursuant to 28 U.S.C. § 2255, the judgment of his conviction for violation of the narcotics laws, substantially for the reasons stated in Judge Croake's opinion reported, sub nom. United States v. Caruso et al., D.C., 280 F.Supp. 371 (1967)."

 Upon due deliberation, it is ordered that the petition be and it is hereby dismissed.