**James A. JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 666, Docket 34167.**

United States Court of Appeals, Second Circuit.

Submitted March 16, 1970.

Decided March 10, 1971.

Moore, Circuit Judge, dissented and filed opinion.

---

James A. Jones, pro se.

Edward R. Neaher, U. S. Atty., for the Eastern District of New York, Bruce W. Solow, Asst. U. S. Atty., for appellee.

Before MOORE and FEINBERG, Circuit Judges, and BONSAL, District Judge.*

---

* Of the Southern District of New York, sitting by designation.

1. Jones also asserts that he would not have pleaded guilty had he been aware of the

FEINBERG, Circuit Judge:

James A. Jones appeals from an order of the United States District Court for the Eastern District of New York, Matthew J. Abruzzo, J., denying without a hearing Jones's motion under 28 U.S.C. § 2255 to vacate his guilty plea. In February 1968, Jones had pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), before Judge Jacob Mishler. He was then sentenced by Judge Abruzzo to a term of 15 years, subsequently reduced to 13 years.

Jones contends that his plea was taken in violation of Fed.R.Crim.P. 11 which mandates, *inter alia*, that a plea cannot be accepted unless the trial court determines "that the plea is made voluntarily with understanding of the nature of the charge and *the consequences of the plea.*" (Emphasis added.) Appellant claims that the required determination was not made because Judge Mishler failed to ascertain whether Jones understood one of the consequences of the plea, i. e., that Jones could be sentenced to a maximum term of 20 years.[1]

■ The record of the proceedings before Judge Mishler establishes appellant's factual assertion. Jones was advised at the time he took the plea that "the Court has the power to and may sentence you to a term of imprisonment," but the judge failed either to state the limits of possible punishment or to inquire whether Jones had acquired that information from other sources. The question becomes whether the maximum sentence is a "consequence" of which the defendant must be aware before he pleads guilty under Rule 11.

Although this narrow issue is, to our knowledge, one of first impression, there are a number of cases involving the effect of failure to advise a defendant pleading guilty of the maximum possible

---

20 year maximum sentence, and that he thought he could not be imprisoned for more than 10 years.

punishment. Several other courts have dealt with similar situations outside the context of Rule 11's "consequence" language. In Tucker v. United States, 409 F.2d 1291, 1295 (5th Cir. 1969), for example, the court held that a guilty plea was invalid as not "understandingly entered" unless the defendant was aware of the maximum possible penalties for the offense. The holding was apparently based on the theory that accepting the plea under those circumstances was unconstitutional, denying the defendant due process. See also Wade v. Wainwright, 420 F.2d 898 (5th Cir. 1969). Likewise, in Marvel v. United States, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965) (per curiam), the Supreme Court held that a guilty plea would be invalid if the trial judge misled the defendant by understating the maximum possible sentence by one year. These cases strongly suggest that the maximum possible sentence is a "consequence" within the meaning of Rule 11. Our confidence in such an assertion is further buttressed by two Rule 11 decisions in our own circuit. In Bye v. United States, 435 F.2d 177 (2d Cir., 1970), the district court outlined the range of possible sentences but failed to inform Bye that parole was not available for the offense charged. We held there that, under Rule 11, a defendant in a narcotics case must be aware that ineligibility for parole is a consequence of conviction before he is allowed to plead guilty. And in United States v. Vermeulen, 436 F.2d 72 (2d Cir., 1970), appellant claimed that a plea of guilty to a two count information should be set aside as violating Rule 11 because he was not told that he could receive consecutive sentences on the two counts. In an opinion by Judge Moore, we held that appellant was in fact sufficiently advised, but we assumed that Rule 11 required that a defendant be "made aware of the maximum possible sentence that might be imposed." *Id.* at 75. Accordingly, we hold that the maximum possible sentence is a "consequence" within the meaning of Rule 11 and that a guilty plea cannot be accepted under that rule unless the court determines that the defendant is aware of the maximum penalty for the offense.

■■ This holding does not, however, require vacation of Jones's guilty plea. Since his plea was taken prior to April 2, 1969, the Supreme Court's holding in McCarthy v. United States, 394 U.S. 459, 468–472, 89 S.Ct. 1166, 22 L. Ed.2d 418 (1969), that noncompliance with Rule 11 requires automatic vacation of the guilty plea does not apply. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (per curiam). The Government contends that Jones actually had been informed by his attorney as to the maximum penalty for bank robbery. The proper remedy in the face of such a factual issue is to remand to the district court for a hearing to determine whether Jones was aware of the maximum possible sentence at the time of his guilty plea and, if not, whether Jones would not have pleaded guilty if he had been so aware, as he now asserts. See Bye v. United States, *supra*, 435 F.2d at 180–181; Manley v. United States, 432 F.2d 1241, 1245 (2d Cir. 1970) (en banc) (dictum).

Reversed and remanded.

MOORE, Circuit Judge (dissenting):

The errors specified are couched in generalities and are (1) the sentencing court did not ascertain that the Court which had accepted the guilty plea had complied with Rule 11 (F.R.Cr.P.) and (2) there should have been an evidentiary hearing. More specifically, these alleged errors resolve themselves into the assertion that the Court did not reveal the "allowable range of punishment." The question of whether there was a factual basis for the plea to the satisfaction of the judge is not in issue.

There can be no doubt (1) that Jones was represented by counsel; (2) that he was adequately advised of the charges against him; (3) that he entered his plea voluntarily; and (4) that he was informed that if he pleaded guilty he

could be given "a term of imprisonment." However, appellant argues that, before the judge receiving the guilty plea may accept it, he must advise the defendant of the maximum sentence which might be imposed. The majority accepts this argument and, in effect, writes this requirement into Rule 11. If a defendant's understanding of the consequences to him of his plea were to be the test of the plea's validity, any variation of the hoped-for sentence could be pleaded as a ground for vacation of the plea. In my opinion, it is unrealistic to attribute to a defendant, who is considering a guilty plea, an understanding of "consequences" in terms other than the sentence he hopes to receive.

I realize that in Bye v. United States, 435 F.2d 177 (1970), we held that failure to inform a defendant that parole was not available on a narcotics sentence was a "consequence." In United States v. Vermeulen, 436 F.2d 72 (1970), we held that failure to inform a defendant that he might receive consecutive sentences on his pleas of guilty to two counts of an information where he had been advised of the potential maximum sentence on each count was not a ground for vacating the plea.

Although in the future it will impose but a slight burden on the district court judge to add the requirement of stating the range of the possible sentence, I envision certain adverse possibilities. Plea bargaining (a practice recognized as essential not only in the disposition of many criminal cases but also one beneficial to the guilty defendant) would be seriously impaired. The sentencing judge could hardly be expected to announce: "The maximum sentence is twenty years but I only intend to give you five." Yet if only the range is stated, a defendant might well have qualms about the fulfillment of his bargain. I, therefore, would not add in this case the requirement of a statement of the range of the possible sentence to the ever-increasing list of "consequences." There must be some areas in which the attorney-client pre-plea conference (as here)

must be presumed to have been adequate. Otherwise all plea-withdrawal petitions will merely relitigate the original sentencing proceeding.

I would affirm the decision below.