UNITED STATES of America, Appellee,

v.

Thomas WELTON, Defendant-Appellant.

No. 179, Docket 35115.

United States Court of Appeals, Second Circuit.

Submitted Nov. 10, 1970.

Decided March 24, 1971.

Edward R. Neaher, U. S. Atty. for the Eastern District of New York, Guy L. Heinemann and David G. Trager, Asst. U. S. Attys., for appellee.

Thomas E. Baynes, Jr., Atlanta, Ga., for appellant.

Before LUMBARD, Chief Judge and WATERMAN and ANDERSON, Circuit Judges.

LUMBARD, Chief Judge:

In Bye v. United States, 435 F. 2d 177 (2d Cir. 1970), we held that a defendant pleading guilty to a narcotics offense must be informed by the district court of his ineligibility for parole. Bye alleged that he was unaware of his ineligibility for parole at the time of his plea, and that if he had known, he would not have pleaded guilty. We remanded for an evidentiary hearing as to whether he was aware of his ineligibility for parole. The issue presented by Welton's case is whether, in cases where judgment was entered upon a guilty plea on or before October 14, 1970, the date of the *Bye* decision, the bare allegation that the trial judge failed to inform defendant of his ineligibility for parole is sufficient to require an evidentiary hearing. We hold that it is not, and affirm Judge Bruchhausen's dismissal of the petition without a hearing.

Thomas Welton was indicted on January 12, 1967 for concealing and facilitating the concealment of over ten pounds of heroin in violation of 21 U.S.C. § 174. Customs agents had found the heroin concealed in a false bottom of Welton's luggage as he was trying to enter the country at Kennedy Airport. Initially, Welton pleaded not guilty before Judge Bruchhausen on January 19, 1967, but then changed his plea to guilty on February 7, 1967, after consultation with his attorney, Simon Chrein of the Legal Aid Society. Before Judge Bruchhausen accepted the plea, defendant was informed of the nature of the charge, his right to a trial, and that he could be sentenced to twenty years imprisonment and fined $20,000.

On March 16, 1967, Welton was sentenced by Judge Abruzzo to fifteen years imprisonment. At that time, his new Legal Aid attorney, Richard Rosenkranz, affirmed that Welton "knows there is a mandatory sentence of five years—a minimum sentence of five years." On July 10, 1967, Welton prepared a *pro se* application for reduction of sentence, and in support thereof acknowledged that he was ineligibile for parole, but failed to indicate when he first became aware of his ineligibility. Judge Abruzzo denied the motion on July 21, 1967. On July 10, 1968, Welton moved to vacate the judgment under 28 U.S.C. § 2255. He alleged that his plea was involuntary, but failed to give as one of the reasons the fact that he had not known of the unavailability of parole. Judge Bruchhausen denied the motion on October 14, 1968. His order was affirmed here in an unreported decision, and the Supreme Court denied Welton's petition for certiorari, 395 U.S. 917, 89 S.Ct. 1758, 23 L.Ed.2d 231 (1969).

On May 6, 1970, the instant motion to vacate sentence was filed. For the first

time, Welton claimed that he was not advised of his ineligibility for parole at the time of pleading. Judge Bruchhausen, without holding a hearing, denied the motion on May 14, 1970, and subsequently filed a decision which is reported at 313 F.Supp. 729 (E.D.N.Y.1970). Relying principally on United States v. Caruso, 280 F.Supp. 371 (S.D.N.Y. 1967), aff'd sub nom. United States v. Mauro, 399 F.2d 158 (2d Cir.1968), cert. denied, 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215 (1969), Judge Bruchhausen held that the availability of parole is not a "consequence" of the plea of which defendant must be informed at the time of pleading guilty under Rule 11, Fed. R.Crim.P. Because we hold that Welton is not entitled to the benefits of the contrary rule, first announced for this circuit in *Bye, supra,* we affirm.

The purpose to be served by the standard announced in *Bye* is to ensure that a defendant who pleads guilty to a narcotics offense where parole is unavailable is aware of this "major effect on the length of possible incarceration." Otherwise, the accused may decide to plead guilty "underestimating by a factor of three the risk of prolonged mandatory incarceration." The Narcotic Control Act of 1956 withdrew the benefit of parole from most narcotic offenders, including particularly those convicted under 21 U.S.C. §§ 173 and 174; every minimally competent attorney practicing criminal law surely has known this, and it has been his professional duty so to inform his client in advising him to plead guilty. Accordingly, we think the cases where a defendant has pleaded guilty without knowing that he could not receive parole are few, and the cases where this knowledge would have induced him to plead not guilty are fewer still, inasmuch as the availability of parole is merely one factor bearing upon the length of incarceration, together with the sentence imposed, good time credits, and the like. Also, pleas of guilty are induced by such other factors as, most notably, the strength of the government's case and the certainty of conviction following trial. When conviction is almost certain, and a heavy sentence inevitable, a plea of guilty might seem the best means of mitigating the consequences of conviction by a more lenient sentence.

■ Accordingly, we see no reason to vacate judgments of conviction entered on or before the date of the *Bye* decision upon pleas of guilty unless the defendant can show both that he was unaware of his ineligibility for parole and that he would not have pleaded guilty had he known this. We see no point in burdening the district courts of this circuit by requiring many fruitless hearings[1] upon nothing more than the assertions of defendants who, under the stimulus of our *Bye* decision, will claim a lack of knowledge of their ineligibility for parole. As a minimum, before proceeding to hold a hearing on such a claim, the district court should require that the defendant submit an affidavit of his attorney in support of his claim or his own affidavit giving a satisfactory explanation of why he cannot submit an affidavit from his attorney. Cf. United States ex rel. Rosen v. Follette, 409 F.2d 1042, 1045 (2d Cir. 1969), cert. denied, 398 U.S. 930, 90 S.Ct. 1822, 26 L.Ed.2d 93 (1970). In any event, the petitioner must categorically waive his privilege regarding any advice he received or any conversation or communication he may have had with any attorney on the subject of pleading guilty, the consequences thereof and the reasons for his entering the plea.

Welton's petition falls far short of this standard. He merely claims that he had not been advised of his ineligibility for parole, but fails to allege that had he known of his ineligibility, he would not have pleaded guilty. Nor does he substantiate his present counsel's conclusory

---

1. The government advises us by letter dated November 25, 1970 that from July 11, 1968 at least 145 guilty pleas to parole-ineligible offenses have been taken in the six districts of the Second Circuit. Thus, it would seem that there have been about 100 such pleas each year since 1956 when the Narcotic Control Act became effective.

allegation that no one informed him of the unavailability of parole. Welton was apprehended in the course of entering the United States at Kennedy Airport. His suitcase contained a false bottom which held 10 pounds of heroin, an unusually large amount, which justifies the inference that Welton was a large-scale smuggler who would have known the consequences of a federal conviction. These circumstances also demonstrate the insubstantial nature of any assertion that he would have pleaded differently had he known that he was ineligible for parole. There was virtually no possibility of an acquittal, and the large quantity of heroin involved together with Welton's three previous convictions for theft, living on immoral earnings and burglary, must have left him with no expectation of lenient treatment other than what he could derive from pleading guilty.

In any event, in view of Welton's failure personally to allege or substantiate that he did not know that he would be ineligible for parole, if convicted, or to allege that he would not have pleaded guilty had he known, Judge Bruchhausen was correct in dismissing his petition without a hearing.

Affirmed.