Otis Nelson **GRANT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 168, Docket 71-1405.

United States Court of Appeals, Second Circuit.

Argued Sept. 24, 1971.

Decided Nov. 24, 1971.

Lewis B. Kaden, New York City, for appellant.

Guy L. Heinemann, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y., and David G. Trager, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, and MULLIGAN and TIMBERS, Circuit Judges.

FRIENDLY, Chief Judge:

Appellant Grant was indicted on August 20, 1964, on two counts. The first count charged simple bank robbery under 18 U.S.C. § 2113(a); the second charged aggravated bank robbery under 18 U.S.C. § 2113(d). The former is subject to a maximum fine of $5,000 and imprisonment for not more than twenty years. Conviction under § 2113(d) carries a maximum fine of $10,000 and imprisonment up to twenty-five years. On November 5, 1964, while represented by an attorney from the Legal Aid Society, Grant pleaded guilty to the first count. Although Judge Zavatt, who took the plea, advised Grant that he was subject to imprisonment, there was no statement about the maximum possible sentence, and the forms then in use in the Eastern District for the taking of pleas by court attendants did not provide for one. Grant was later sentenced by Judge Rayfiel to twelve years imprisonment on Count 1; the charge under Count 2 was dropped.

In October, 1970, Grant filed a petition under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence on the ground that he had not been advised of the maximum possible sentence. On March 10, 1971, in Jones v. United States, 440 F.2d 466 (2 Cir. 1971), a divided panel of this court held that, in the case of a guilty plea taken after July 1, 1966, the effective date of the amendment to F.R.Cr.P. 11 specifically requiring advice as to the "consequences" of a plea, failure to advise as to maximum sentence violated the Rule. However, the court further held that since the plea there at issue had been taken prior to April 2, 1969, the date of decision of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which required literal compliance with amended Rule 11, the proper course, under the later decision in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), was not to vacate the plea automatically but to "remand to the district court for a hearing to determine whether Jones was aware of the maximum possible sentence at the time of his guilty plea and, if not, whether Jones would not have pleaded guilty if he had been so aware. * * * *" 440 F.2d at 468. In other words, on the remand of Jones, the petitioner would have to prove that he did not know of the possible maximum sentence and that, as a result of such lack of knowledge, his confession was involuntary in the constitutional sense.

Seeking affirmance here, the Government asserts that Jones should not be given any retroactive application or that it should not be applied in any event to a plea taken prior to the amendment of Rule 11.

In Bye v. United States, 435 F. 2d 177 (2 Cir. 1970), which, like Jones, dealt with a plea subsequent to the July 1, 1966 amendment of Rule 11 but prior to McCarthy, we held that failure to in-

form a defendant charged with narcotics violations under 21 U.S.C. §§ 173 and 174, of his ineligibility for parole constituted a failure to inform the defendant of the consequences of his plea under amended Rule 11. In United States v. Welton, 439 F.2d 824 (2 Cir. 1971), we dealt with the retroactive effect of *Bye*. The *Welton* case also concerned a plea of guilty of violation of 21 U.S.C. §§ 173 and 174 entered subsequent to July 1, 1966, allegedly without warning of ineligibility for parole. We affirmed the denial of a motion to vacate the conviction and sentence, holding that a district court was not required to uphold such a claim unless "the defendant can show both that he was unaware of his ineligibility for parole and that he would not have pleaded guilty had he known this" and that, even when this was alleged, the district court was not required to hold a hearing unless "as a minimum" the petitioner submitted an affidavit of his attorney in support of his claim or his own affidavit giving a satisfactory explanation of why he cannot submit an affidavit from his attorney and categorically waiving his privilege "regarding any advice he received or any conversation or communication he may have had with any attorney on the subject of pleading guilty, the consequences thereof and the reasons for his entering the plea." 439 F.2d at 826. We see no reason for not applying this same principle to petitioners who seek the benefit of *Jones*. Since Grant's petition did not comply with the conditions set forth in *Welton*, we must hold, as in *Welton*, that denial of his petition without· a hearing was proper. While this would not preclude the filing of a new petition conforming to *Welton*, it seems highly doubtful that the appellant can make the required showing since, apart from the unlikelihood of a Legal Aid attorney failing to advise of the possible punishment, the record affords strong evidence of a plea bargain.

■ The Government would have us go further and draw a distinction between guilty pleas entered prior to the July 1, 1966 amendment to Rule 11, and those entered subsequent to the amendment. We think this is unnecessary. There are two basic reasons calling for the vacating of a guilty plea. The first is that it was entered in violation of the voluntariness standard required by the Constitution. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The second is that it was entered in violation of the provisions of F.R.Cr.P. 11. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *Bye*, we decided that Rule 11 required the judge to notify the defendant if he would be ineligible for parole. However, as a consequence of the considerations put forth in Halliday v. United States, *supra*, 394 U.S. at 832–833, 89 S.Ct. 1498, we have held that pleas entered prior to the *Bye* decision, where the defendant was not informed of his ineligibility for parole, would be subject to attack only on the basis of involuntariness in the constitutional sense. Korenfeld v. United States, 451 F.2d 770 (2d Cir. 1971). Similarly, we decide here that, while *Jones* held that Rule 11 requires the judge to notify the defendant of his maximum possible sentence, pleas entered prior to the *Jones* decision without such notification, whether before or after July 1, 1966, are subject to attack only on the basis of involuntariness in the constitutional sense. Where a defendant has not been advised of his maximum possible sentence when entering a guilty plea prior to the *Jones* decision, he must make the submission required by *Welton* to obtain an evidentiary hearing.

Affirmed.