Leonard AIKEN, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 71 Civ. 5328.

United States District Court,
S. D. New York.

Oct. 24, 1972.

Jay Goldberg, New York City, for petitioner.

Whitney North Seymour, Jr., U. S. Atty. by Edward J. Kuriansky, Asst. U. S. Atty., New York City, for respondent.

## Memorandum Opinion on Motion To Vacate First Conviction

MOTLEY, District Judge.

Petitioner, pursuant to 28 U.S.C. § 2255, petitions the court to vacate his first conviction in 1953 for violations of the federal narcotics and marijuana laws. [21 U.S.C. §§ 173, 174 and 26 U. S.C. §§ 2590, 2593(a).] At that time, the court was required to impose a minimum sentence of two years for a first conviction. The maximum sentence which could be imposed for a first conviction was five years.[1] On his plea of guilty to three counts charging petitioner with violations of the federal narcotics laws, he was sentenced to three concurrent two year terms. The federal narcotics laws were amended in 1956 to provide for a minimum mandatory sentence of five years for a first offense under 21 U.S.C. § 174 with a maximum sentence of twenty years. 70 Stat. 570. The same amendment provided that in the case of a second or any subsequent offense, the court must impose a minimum sentence of ten years with a maximum possible sentence of forty years.[2] Since the law was amended, petitioner has been twice convicted of violating the federal narcotics laws, making a total of three convictions. His second conviction resulted in a twenty-five year sentence. His third conviction resulted in a concurrent thirteen year sentence. Petitioner now claims that his 1953 guilty pleas were involuntary because they were made without an understanding of two of the charges to which he plead guilty or knowledge of the consequences of such pleas. He also contends that one of the three counts of the 1953 indictment to which he pleaded guilty was based on an unconstitutional statute. For the reasons set forth below, a hearing with respect to the voluntariness of petitioner's pleas of guilty to two of the 1953 counts will be held and his conviction set aside as to the third count.

---

1. 21 U.S.C. § 174, 26 U.S.C. § 2557(b) (1).

2. Moreover, a convicted defendant was ineligible for parole.
   In 1970, the federal narcotics laws were again amended. This time, the minimum mandatory imprisonment provisions were deleted as to violations occurring prior to May 1, 1971. United States v. Fiotto, 454 F.2d 252 (2d Cir. 1972), cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (1972). The law now provides for a sentence up to fifteen years for a first offense involving heroin or cocaine to be followed by a minimum mandatory parole period of three years which is to follow any prison term imposed. 21 U.S.C. § 841(b).
   For any second or subsequent offense, the maximum prison term is 30 years. The minimum mandatory parole period is six years. These provisions apply to any prior narcotics or marijuana offense.

The 1953 indictment (C 141–27) charged in counts one through four that petitioner unlawfully possessed and sold imported narcotics in violation of 21 U.S.C. §§ 173 and 174. In count five it was charged that he possessed marijuana without having paid the transfer tax in violation of 26 U.S.C. § 2593(a). Petitioner pleaded not guilty on March, 24, 1953. On April 28, 1953 he withdrew his pleas of not guilty as to counts three (cocaine), four (heroin) and five (marijuana tax) and pleaded guilty to those counts.[3] Counts one and two were dismissed.

Petitioner was next convicted by jury on June 30, 1966 (Indictment 64 Cr. 1111) of conspiracy to violate the narcotics laws in violation of 21 U.S.C. §§ 173, 174. He was sentenced on August 10, 1966 as a second narcotics offender to a term of twenty-five years imprisonment and a fine of $20,000. The judgment of conviction was affirmed by the Second Circuit and certiorari was denied. United States v. Aiken, 373 F.2d 294 (2d Cir. 1971), cert. denied, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967).

On November 1, 1966, Aiken was again convicted by jury (Indictment 61 Cr. 206) of conspiracy to violate the narcotics laws. 21 U.S.C. §§ 173, 174. He was sentenced on January 5, 1967 as a subsequent narcotics offender under 21 U.S.C. § 174 to a term of thirteen years imprisonment and a fine of $15,000, the prison term to run concurrently with the twenty-five year sentence previously imposed. This judgment was likewise affirmed by the Court of Appeals and certiorari was denied. United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967), cert. denied sub nom. Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968).

■ A plea of guilty taken prior to McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), in violation of the requirements of Rule 11, Fed.R.Crim.P., can be challenged only on the basis of its involuntariness in the constitutional sense. Grant v. United States, 451 F.2d 931 (2d Cir. 1971).

■ Such a plea is involuntary if the defendant lacked the knowledge necessary for an intelligent waiver of the rights forfeited by a guilty plea and his ignorance contributed to his decision to so plead. See *Grant, supra*; United States v. Welton, 439 F.2d 824 (2d Cir. 1971).

■ For a plea to be knowing, a defendant should at least be aware of the length of possible incarceration, see *Grant, supra; Welton, supra;* Bye v. United States, 435 F.2d 177 (2d Cir. 1970), and the nature of the charges against him. Cf. Von Moltke v. Gillies,

---

3. Count three charged that Aiken "unlawfully, wilfully and knowingly did receive, conceal, sell and facilitate the transportation, concealment and sale of certain narcotic drugs, to wit, cocaine hydrochloride, a derivative and preparation of the coca leaf, which together with certain adulterants, weighed approximately 25 grams, after the said narcotic drugs had been imported and brought into the United States contrary to law, knowing that the said narcotic drugs had theretofore been imported and brought into the United States contrary to law. . . ." Count four charged that petitioner "unlawfully, wilfully and knowingly did receive, possess, conceal and facilitate the transportation and concealment of certain narcotic drugs, to wit, diacetyl morphine hydrochloride, a derivative and preparation of opium, commonly known as heroin, which, together with certain adulterants, weighed approximately ten ounces; and cocaine hydrochloride, a derivative and prepara-[sic] of the coca leaf, which, together with certain adulterants, weighed approximately 254 grains; after the said narcotic drugs had been imported and brought into the United States contrary to law. . . ." Count five charged that the defendant, "being . . . a transferee required to pay the transfer tax imposed by Section 2590(a) of Title 26, United States Code, unlawfully, wilfully and knowingly did acquire approximately two ounces of Cannabis Sativa, commonly known as marihuana, without having paid such tax."

332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (plurality opinion).

■ To be entitled to a hearing on the voluntariness of his plea, a petitioner who entered his plea on or before October 14, 1970, (the date of the *Bye* decision) must allege that he was uninformed and that he would not have pleaded guilty had he been informed. *Grant, supra; Welton, supra.* Moreover, he must submit an affidavit of the attorney who represented him when the plea was taken in support of his claim or his own affidavit giving a satisfactory explanation of why he cannot submit an affidavit from his attorney. In addition he must categorically waive his privilege regarding any advice he received or any conversation or communication he may have had with any attorney on the subject of pleading guilty, the consequences thereof, and the reasons for his entering the plea. *Grant, supra,* 451 F.2d at 933.

■ Petitioner has satisfied these threshold requirements. The transcript of his change of plea hearing before Judge Clancy in 1953 (see Petitioner's Exhibit B) shows an apparent failure of the court to comply with the then current requirements of Rule 11, Fed.R. Crim.P.[4] There was no inquiry as to whether petitioner understood the nature of the charges against him, as Rule 11 then required. Nor was there any inquiry into petitioner's knowledge of the consequences of a guilty plea, an inquiry not explicitly required by Rule 11 until 1966. Petitioner states in his affidavit that he was 1) ignorant of the elements of the charges in counts three and four including the requirement that he must have known that the narcotics he allegedly possessed were imported, and 2) the consequences of a guilty plea.[5] He further states that the attorney who represented him when he changed his plea advised him that he could expect no more than a one-year term of imprisonment if he pleaded guilty. This latter allegation is at least plausible since there had been no mandatory minimum sentencing provision until the statute was amended in 1951 to provide for a mandatory minimum of two years and the attorney may not have been aware of the statute's modification.

Petitioner also states that had he known of the mandatory minimum sentencing provisions of 21 U.S.C. § 174 and the elements of the charge he would not have pleaded guilty. He has also waived his attorney-client privilege with respect to advice he received from his attorney about the guilty plea. Finally, Jay Goldberg, the attorney representing Aiken in this action, has submitted an affidavit asserting that he has been unable to obtain sworn statements from any of the three attorneys who represented Aiken in 1953. According to Goldberg's statement, one of the attor-

---

4. Rule 11 then provided:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty . . . the court shall enter a plea of not guilty. 18 Appendix U.S.C., Rule 11, Fed.R. Crim.P. (1964).

5. The court does not hold that petitioner, by mere assertion, can show that his ignorance contributed to his decision to plead guilty. While necessary elements of an offense under 21 U.S.C. § 174 were 1) that the narcotic drug was imported or brought into the United States and 2) that defendant knew the drugs to have been imported or brought into the United States contrary to law, the statute provided that mere possession would be "deemed" sufficient evidence to authorize conviction unless the defendant explained the possession to the satisfaction of the jury. This presumption has recently been upheld with respect to heroin, although not with respect to cocaine. *Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Therefore, petitioner will have to show that had he been aware of the provisions of the statute, including the presumption, he would not have pleaded guilty.

neys recalled that he had had no conversations with petitioner about the nature of the charges or the consequences of the plea but refused to furnish an affidavit. The second attorney with whom Goldberg spoke, according to Goldberg's affidavit, declined to discuss the case and the third attorney could not be located.

This is prima facie a satisfactory explanation of petitioner's failure to submit affidavits from any of the three attorneys. While *Grant* suggests that the "satisfactory explanation" should be contained in an affidavit of the petitioner, in the instant case petitioner's counsel was better able to explain the failure to obtain affidavits from the attorneys who represented Aiken in 1953.

 Count five of the 1953 indictment was based on an unconstitutional statute and, therefore, the conviction must be set aside. In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), the Supreme Court held that a timely assertion of the privilege against self-incrimination is a complete defense to prosecutions under 26 U.S.C. § 4744(a) for obtaining marijuana without having paid the tax required by 26 U.S.C. § 4741(a). Petitioner was prosecuted under 26 U.S.C. §§ 2590, 2593 (a), provisions repealed in 1954 but virtually identical to §§ 4741(a), 4744(a). It follows that the statute under which petitioner was convicted in count five was also unconstitutional.

In United States v. Liguori, 430 F.2d 842 (2d Cir. 1970), cert. denied, 402 U. S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971), the Second Circuit gave the portion of *Leary* holding that a timely assertion of the privilege against self-incrimination is a complete defense to prosecutions under § 4744(a) retroactive effect. The Court, moreover, held that the privilege was not waived by a plea of guilty entered prior to *Leary*.

 Since Aiken's conviction was entered prior to *Leary*, his assertion of his privilege against self-incrimination in his § 2255 petition, filed in 1971, is

timely. While *Liguori's* motion for relief was filed within four months of *Leary*, and Aiken's motion was filed more than two years after *Leary*, the additional period of delay is not significant since the timeliness requirement was designed primarily to prevent unnecessary trials. *Liguori, supra,* at 848. None of the interests supporting a "timeliness" requirement was prejudiced by Aiken's delay.

A hearing on the voluntariness of petitioner's pleas to counts three and four of Indictment C 141–27 is accordingly ordered and petitioner's conviction under count five is vacated.