George CABRERA, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 71 4767.

United States District Court,
S. D. New York.

Dec. 7, 1972.

Neal J. Hurwitz, New York City, for petitioner.

Whitney North Seymour, Jr., U. S. Atty., by Arthur J. Viviani, Asst. U. S. Atty., New York City, for respondent.

*Memorandum Opinion on Motion to Vacate Conviction*

MOTLEY, District Judge.

Petitioner was indicted on November 17, 1969 and charged with selling heroin in violation of 21 U.S.C. §§ 173, 174 and selling heroin not in pursuance of a written order form in violation of 26 U. S.C. §§ 4705(a), 7237(b). (Indictment 69 Cr. 806). The trial commenced on August 30, 1971. On August 31, following the close of the government's case, petitioner changed his plea of not guilty to Count 1 to a plea of guilty.

On September 28, 1971, prior to sentencing, petitioner's assigned counsel, Neal Hurwitz, moved the court for a hearing pursuant to 28 U.S.C. § 2255 to vacate Cabrera's prior sentence imposed on April 10, 1953 on a federal narcotics conviction.

On the date of sentencing, November 1, 1971, the government filed an information charging petitioner with the prior narcotics conviction occurring on April 10, 1953. Cabrera admitted the prior conviction and was sentenced to the mandatory minimum term of ten years imprisonment then required by 21 U.S.C. § 174. Counts 2, 3 and 4 were dismissed. The same day, petitioner submitted an affidavit in support of the motion made on September 28, 1971 and the court treated it as an application for relief under 28 U.S.C. § 2255. The § 2255 petition asserted that Cabrera's 1953 guilty plea was not made voluntarily and with a knowledge of the consequences and that the judge who accepted the plea failed to comply with the then

current requirements of Rule 11, Fed.R. Crim.P.[1]

The petition is denied for the reasons set forth below.

Petitioner had been indicted in one count on February 14, 1952 for the sale of heroin in violation of 21 U.S.C. §§ 173, 174 (Indictment C 137–261). He entered a plea of not guilty on February 15. Petitioner was remanded in lieu of $5,000 bail. On February 19, his bail was reduced to $3,000 and he was released from custody after posting a $3,000 surety bond. He was subsequently arrested on a state narcotics charge and was sentenced in Bronx Criminal Court to a term of 15 to 16 years in state prison.

On April 10, 1953, he changed his plea of not guilty to the federal narcotics charge. The record shows that the court accepted the plea without any inquiry into the voluntariness of the plea. The judge briefly described the charge and asked the petitioner whether he withdrew his plea of not guilty and pleaded guilty.

Cabrera testified at the hearing of his § 2255 petition that he was never informed of the sentence he could receive or of all the elements of the charge against him. One of his attorneys at the time the 1953 plea was taken, Henry Rothblatt, when asked at the hearing whether he advised petitioner of the range of possible sentences responded, "I doubt it very much." Asked if he explained the elements of the charge, Rothblatt answered, "I'm reasonably certain I saw no necessity to do it." On cross-examination, Rothblatt said that on his best recollection he spoke with petitioner only on the day the guilty plea was entered. Asked whether he would inform a client of all the elements of the offense the government had to prove, he answered, "Not really."

M. Arthur Hammer, a law partner of Rothblatt's, testified that he interviewed petitioner several times prior to sentence and that while it was his practice to inform clients before they pleaded of maximum sentences and the nature of the charges against them, he could not recall whether he had provided petitioner with this information after so many years.

■ McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), holding that a defendant whose plea has been accepted in violation of Rule 11 must be allowed to plead anew, does not affect guilty pleas taken prior to April 2, 1969, the date the decision was announced. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Instead, *Halliday* requires a case-by-case determination of voluntariness in the constitutional sense. In Jones v. United States, 440 F.2d 466 (2d Cir. 1971), the Second Circuit held that, although a guilty plea could not be accepted under revised Rule 11 unless a defendant was aware of the maximum penalty for the offense, for pleas taken prior to *McCarthy,* there would have to be a hearing to determine whether he "was aware of the maximum possible sentence at the time of his guilty plea and if not, whether . . . [he] would not have pleaded guilty if he had been so aware. . . ." *Id.* at 468.

■ The court finds that petitioner was not informed of the elements of the charge to which he was pleading or of the consequences of a conviction provided by the statute. Nevertheless, Cabrera failed to offer any evidence during his § 2255 hearing that his ignorance contributed to his decision to plead guilty.

When asked at the hearing whether he would have pleaded guilty had he known that the maximum sentence under the statute was five years' imprisonment,

1. Rule 11 then provided, in pertinent part:
    A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the charge. 18 Appendix U.S.C., Rule 11, Fed.R.Crim.P. (1964).

petitioner responded, "I don't know." It is, indeed, unlikely that knowledge of the minimum and maximum penalties provided by the statute would have affected his decision to plead guilty since the testimony showed that petitioner was informed by Rothblatt, prior to the plea, that the United States Attorney had agreed that Cabrera would receive either a suspended sentence or a sentence to run concurrently with his state prison term. It is difficult for a petitioner to show that his ignorance of the range of penalties provided for his offense contributed to his decision to plead guilty " . . . [when] the record affords strong evidence of a plea bargain." Grant v. United States, 451 F.2d 931, 933 (2d Cir. 1971) (dicta).

Nor would petitioner's ignorance of the mandatory minimum penalty for a subsequent federal narcotics offense warrant vacating his first federal conviction. Such consequences are too collateral to require a warning for constitutional purposes. Moreover, it is improbable that a person, faced with a prison term of fifteen years, would be very concerned about the penalties for an offense which he might commit subsequent to his release. At any rate, petitioner offered no evidence that his ignorance contributed to his decision to plead guilty.

Finally, it is most unlikely that petitioner's ignorance of the elements of the charge against him affected his decision to plead guilty. While necessary elements of an offense under 21 U.S.C. § 174 were: 1) that the narcotic drug was imported or brought into the United States and 2) that petitioner knew the drugs had been imported or brought into the United States illegally, the statute also provided that mere possession would be sufficient evidence to authorize conviction unless the defendant explained his possession to the satisfaction of the jury.[2] Therefore, it is unlikely that petitioner, had he been fully informed,

would have relied very much on the elements of the offense indicated above in assessing his prospects of obtaining an acquittal if he went to trial. Again, there was nothing in the record to support a finding that his ignorance affected his decision to plead guilty.

The petition is accordingly denied.

---

2. This presumption was recently upheld with respect to heroin. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).