**Rennie JOHNSON, Petitioner-Appellant,**

v.

**Walter T. FOGG, and the Attorney General of the State of New York, Robert Abrams, Respondents-Appellees.**

**No. 1396, Docket 80–2373.**

United States Court of Appeals, Second Circuit.

Argued May 26, 1981.

Decided July 14, 1981.

Rehearing and Rehearing In Banc Denied September 9, 1981.

---

Mansfield, Circuit Judge, dissented and filed opinion.

David Seth Michaels, The Legal Aid Soc., Federal Defender Services Unit, New York City, for petitioner-appellant.

Lucille Dibello, Asst. Dist. Atty., Brooklyn, N.Y. (Eugene Gold, Dist. Atty., Kings County, Brooklyn, N.Y., of counsel), for respondents-appellees.

Before FEINBERG, Chief Judge, and LUMBARD and MANSFIELD, Circuit Judges.

PER CURIAM:

Petitioner Rennie Johnson appeals from an order of the United States District Court for the Eastern District of New York, Henry Bramwell, J., which denied his petition for a writ of habeas corpus. Johnson is currently imprisoned at the Eastern New York Correctional Facility, after his conviction in New York Supreme Court, Kings County, following a guilty plea, on one count of criminal weapons possession in the second degree and one count of attempted assault in the second degree.

When he pled guilty, Johnson admitted shooting at a police officer who stopped him and several co-defendants after they failed to stop their automobile at a red light. Johnson was then sentenced to from five to fifteen years on the weapons charge, and to a concurrent zero to four years on the assault charge. He appealed to the Appellate Division, arguing that his plea was not knowingly and intelligently entered and he was therefore denied due process; he also

argued that under the circumstances his sentence was excessive and should be reduced. The Appellate Division affirmed without opinion, and leave to appeal to the New York Court of Appeals was later denied.

In his habeas petition, Johnson repeated his contention that his plea was not knowingly and intelligently entered. In support of this contention, Johnson alleged that he was misled by his attorney as to the sentence he would receive, and that the sentencing judge failed during the plea colloquy to advise him of the maximum sentence that he faced. Respondents replied that Johnson had failed to exhaust his state remedies. The district judge rejected this argument and, after examining the transcript of the plea colloquy and sentencing, found Johnson's contention that he had been misled to be meritless. The judge also concluded that the failure of the state trial judge to advise Johnson of the maximum sentence that could be imposed as a result of his plea did not violate Johnson's due process rights.

■ Appellees argue to us that Johnson has not exhausted his state remedies; they contend that there was no substantial evidence in the state record to support Johnson's claims on state appeal, so that Appellate Division review of his claims on the merits was "impossible." Johnson's correct remedy, appellees urge, is to petition for a writ of coram nobis, and the continuing availability of this state remedy bars habeas relief. On the record before us, we find this argument unpersuasive. When Johnson raised his claims in his Appellate Division brief, appellees did not rely on the procedural argument now advanced. Although appellees alluded to the availability of coram nobis, they did not press the point, even as an alternative argument. In a recent case with a procedural history similar to that before us here, we held that where the State does not rely on a procedural bar in the Appellate Division, this court will not "guard[ ] state procedural rules more vigilantly than the State itself does." *Washington v. Harris*, 650 F.2d 447, 452 (2d Cir. 1981). Under the circumstanc-

es, we feel that it is inappropriate to send this case back to the state courts for further consideration on the merits. Cf. *Kelleher v. Henderson*, 531 F.2d 78, 80–81 (2d Cir. 1976); *U. S. ex rel. Leeson v. Damon*, 496 F.2d 718, 720–21 (2d Cir.), cert. denied, 419 U.S. 954, 95 S.Ct. 215, 42 L.Ed.2d 172 (1974).

■ Johnson argues that we should remand this case to the district court for a hearing, because the petition states valid claims that cannot be properly resolved on the record now before this court. Johnson cites *Williams v. Smith*, 591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979), and *Jones v. United States*, 440 F.2d 466 (2d Cir. 1971), for the proposition that the failure of a trial judge in a plea colloquy to advise a defendant of the maximum sentence he faces may deprive the defendant of knowledge of the consequences of his plea, thereby rendering it invalid. But *Jones* was a federal case, governed by Fed.R.Crim.P. 11, and the duties of state courts were expressly distinguished in *Williams*, see 591 F.2d at 172. Moreover, *Williams* held valid a plea entered under circumstances far less favorable to the defendant than the present ones; there, the defendant was affirmatively misled by the prosecutor and the state court itself regarding the maximum sentence he faced.

Johnson also cites *Leeson*, supra, for the proposition that where counsel has misinformed a defendant as to his sentencing exposure, an allegation in a habeas petition of lack of knowledge requires a federal hearing into defendant's actual knowledge. But Johnson's claim about being misled by his attorney is belied by his own statement, on the record during the plea colloquy, that he had received no "promises as to a definite or specified period of imprisonment." As the district judge observed, "[s]uch 'representations of the defendant ... constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.' *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1628–1629, 52 L.Ed.2d 136 (1977)." Johnson also relies on a sup-

porting affidavit of his co-defendant, Coaye. But Coaye has a personal interest in helping Johnson to attack his sentence, having been sentenced on the same plea, had the same attorney, and advanced a claim similar to Johnson's in the Appellate Division.

Moreover, during the plea colloquy, the prosecutor stated on the record, with Johnson present, that "defendant had pled guilty to a crime in which mandatory time is provided by the law." Also, when Johnson returned for sentencing, a co-defendant was sentenced immediately beforehand to fifteen years, the maximum possible sentence, on the assault charge. The court then reviewed Johnson's probation report, and noted that the maximum sentence had been recommended for him, as well. He then sentenced Johnson. At no time during or after the sentencing of his co-defendant or himself did Johnson express any surprise at the sentences, or attempt to withdraw his plea. Indeed, Johnson's habeas petition does not even allege that his decision to plead guilty would have been altered by fuller knowledge of the consequences of his plea, even though he would have had to establish this as a prerequisite to habeas relief under *Williams*, supra, and other decisions of this court, e. g., *Caputo v. Henderson*, 541 F.2d 979, 984 (2d Cir. 1976); *Del Vecchio v. United States*, 556 F.2d 106, 113 (2d Cir. 1977). Nor does Johnson meet our requirement, as set forth in *United States v. Welton*, 439 F.2d 824 (2d Cir.), cert. denied, 404 U.S. 859, 92 S.Ct. 157, 30 L.Ed.2d 102 (1971), that "the defendant submit an affidavit of his attorney in support of his claim or his own affidavit giving a satisfactory explanation of why he cannot submit an affidavit from his attorney." 439 F.2d at 826. Cf. also *Del Vecchio*, supra; *United States ex rel. Roldan v. Follette*, 450 F.2d 514, 517 (2d Cir. 1971). We also note that although Johnson was represented by counsel on this appeal, his brief did not explain the failure to provide in the district court an affidavit from his state court attorney, nor did it indicate that such an affidavit could in fact be obtained.

■ Although we agree with our dissenting brother that habeas petitions submitted by pro se litigants are liberally construed, the district court is not required to provide an evidentiary hearing to such litigants when their petitions do not raise issues sufficient to merit a hearing. *United States ex rel. Spina v. McQuillan*, 525 F.2d 813, 818 (2d Cir. 1975); *United States ex rel. Marinaccio v. Fay*, 336 F.2d 272, 274 (2d Cir. 1964); *United States ex rel. Nixon v. Follette*, 299 F.Supp. 253, 254–55 (S.D.N.Y. 1969). Having taken into account Johnson's pro se status, we nevertheless find that on this record, the district court was not required to grant a hearing on Johnson's habeas petition. We affirm the judgment of the district court.

MANSFIELD, Circuit Judge (dissenting):

I respectfully dissent. In my view the proper disposition of this appeal is to remand the case for an evidentiary hearing to determine whether Johnson pleaded guilty under the mistaken impression that he faced a maximum sentence of 7 years and, if so, whether he would have pleaded not guilty if he realized that he in fact faced a maximum of 15 years. See *Williams v. Smith*, 591 F.2d 169 (2d Cir.), cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979);[1] *Kelleher v. Henderson*, 531 F.2d 78 (2d Cir. 1976); *Jones v. United States*, 440 F.2d 466 (2d Cir. 1971).

The issue is not resolved by Johnson's admission that he did not receive any "promises as to a definite or specified period of imprisonment." He may still have pleaded guilty in the erroneous belief, based on misinformation from his attorney, that

---

1. Although I agree that a state court's failure to advise a defendant of the maximum sentence he faces upon pleading guilty would not, standing alone, raise a constitutional issue, our decision in *Williams* cannot be distinguished, as the majority attempts to do, on the ground that we there upheld a guilty plea under circumstances less favorable to the defendant than in the present case. In *Williams* the federal district court held an evidentiary hearing, followed by a finding that the defendant would nevertheless have pleaded guilty had he been correctly advised as to the maximum penalty. No such hearing was held here.

while he could not be assured of a specific sentence his maximum exposure under the law was 7 years when in fact it was 15 years. This possibility is supported by the sentencing judge's failure to advise him of the maximum penalty and by the affidavit of his co-defendant Coaye.

Nor can Johnson's claim be dismissed on the grounds (1) that the state prosecutor stated that the law provided for "mandatory time" upon his guilty plea, and (2) that a co-defendant had been sentenced to 15 years. As far as Johnson was concerned the "mandatory time" was a maximum of 7 years. Whether Johnson understood that his co-defendant had pleaded to the same felony classification and, if so, believed he might be subject to a higher maximum penalty as a second felony offender, N.Y. Penal Law § 70.06, are questions of fact to be resolved at a hearing.

Although Johnson's petition does not expressly allege that he would not have pleaded guilty if he had known that the maximum sentence he faced was 15 years rather than 7 years, that clearly is its import and in my view it must as a *pro se* petition be so construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Haymes v. Montanye*, 547 F.2d 188, 190 (2d Cir. 1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2925, 53 L.Ed.2d 1063 (1977); *Morgan v. Montanye*, 516 F.2d 1367, 1370 (2d Cir. 1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976). We and other circuits have steadfastly adhered to the view that *pro se* habeas petitions must be construed liberally in the petitioner's favor. *Jennings v. Casscles*, 424 F.Supp. 280, 283 (E.D.N.Y.1976), *aff'd*, 568 F.2d 229 (2d Cir.

1977); *United States ex rel. Buford v. Henderson*, 524 F.2d 147, 152 (2d Cir. 1975), *cert. denied*, 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976); *United States ex rel. Johnson v. Chairman of New York Board of Parole*, 500 F.2d 925, 926 (2d Cir.), *vacated on other grounds*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974); *White v. Wyrick*, 530 F.2d 818 (8th Cir. 1976); *McCloud v. Wainwright*, 508 F.2d 853, 854 n.2 (5th Cir. 1975); *West v. Louisiana*, 478 F.2d 1026, 1030 (5th Cir. 1973). Here it would be the height of formalism to insist that the petition be dismissed because of failure to express what is clearly implied. The present case is therefore governed by our decision in *United States ex rel. Leeson v. Damon*, 496 F.2d 718 (2d Cir.), *cert. denied*, 419 U.S. 954, 95 S.Ct. 215, 42 L.Ed.2d 172 (1974), where we reversed the dismissal of a state prisoner's habeas petition alleging that the petitioner had pleaded guilty in a mistaken belief as to the maximum sentence he would face, based on erroneous information received from his attorney.

For these reasons I would remand the case for an evidentiary hearing.[2]

---

**2.** In view of the majority's decision, little purpose would be served by a discussion of the exhaustion issue other than to voice my doubts as to the holding that state remedies were exhausted. Normally habeas relief will lie only upon a clear showing that the federal constitutional issue was considered on the merits. *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958), *cert. denied*, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307 (1959). Although Johnson tried to raise on his direct state court appeal the constitutional issue presented here, the Appellate Division did not have the facts needed to dispose of the issue since the essential facts are not in the state court record other than the court's failure to advise Johnson of the maximum penalty. Its affirmance did not, therefore, represent an adverse ruling on the merits, see N.Y.Crim.Proc.Law § 440.10(2); *Gruttola v. Hammock*, 639 F.2d 922, 929 (2d Cir. 1981), even though the Appellate Division was not precluded from remanding the case to the trial court for a hearing on the constitutional issue, *People v. Seaton*, 19 N.Y.2d 404, 280 N.Y.S.2d 370, 227 N.E.2d 294 (1967), and there was no procedural default calling for application of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).