**Frank SERRANO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 471, Docket 35225.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 15, 1971.

Decided May 10, 1971.

**924**

Harry C. Batchelder, Jr., New York City (Anthony S. Kaufmann, New York City, of counsel), for appellant.

Guy L. Heinmann, Asst. U. S. Atty. (David G. Trager, Asst. U. S. Atty., of counsel, Edward R. Neaher, U. S. Atty.,

Eastern Dist. of New York, on the brief), for appellee.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

This is an appeal from Judge Rosling's summary denial, without a hearing, of Serrano's motion brought under 28 U.S.C. § 2255 to vacate his conviction of conspiracy to violate 21 U.S.C. § 174. The conviction had been entered upon Serrano's guilty plea of October 28, 1965, taken before then Chief Judge Zavatt of the Eastern District of New York.

Serrano contends that the district court which took his plea failed to comply with F.R.Crim.P. 11, which as it then read forbade a district court from accepting a plea of guilty "without first * * * determining that the plea is made voluntarily with understanding of the nature of the charge." The minutes of the plea proceeding reveal that appellant was advised by Judge Zavatt of his right to a jury trial with the assistance of counsel. Moreover, Serrano indicated in response to questions by the district court that no promises had been made to induce his plea, that he understood the nature of the charges, and that he was pleading guilty because in fact he was guilty of the crime charged.

Serrano cites three omissions from the information conveyed or elicited by Judge Zavatt which he insists establish that the mandate of Rule 11 was not fully met. We agree with Judge Rosling that none of Serrano's claims warrants a hearing on the voluntariness of his guilty plea.

Serrano first complains that Judge Zavatt did not inform him that as a federal narcotics offender he would be ineligible for release on parole, 26 U.S.C. § 7237(d).[1] In Bye v. United States, 435 F.2d 177 (2d Cir. 1970), we held that ineligibility for parole is a "conse-

---

[1] Section 7237 was repealed by P.L. 91–513, Title III, § 1101(b) (4) (A), 84 Stat. 1292 (Oct. 27, 1970), effective May 1, 1971.

quence" of a guilty plea of which a defendant must be informed under present F.R.Crim.P. 11, as that rule was amended effective July 1, 1966.[2] However, in United States v. Welton, 439 F. 2d 824 (2 Cir. 1971), we ruled that defendants who pleaded guilty prior to October 14, 1970, the date *Bye* was decided, were not entitled to all the benefits of *Bye*. Under the standards prescribed in *Welton*, Serrano would qualify for a hearing on a claim that his plea was involuntary because he was ignorant of his ineligibility for parole only if, at a minimum, he not only claimed a lack of knowledge of his ineligibility and that he would not have pleaded guilty had he known this, but in addition submitted "an affidavit of his attorney in support of his claim" or explained why such an affidavit could not be supplied. Serrano has, of course, not complied with the latter requirement of *Welton*, since that decision was filed subsequent to our hearing of this appeal, and consequently he is not entitled to a hearing on this aspect of his claim.

Serrano's second objection to the plea proceeding before Judge Zavatt is that he was not told he would be ineligible for probation, 26 U.S.C. § 7237(d).[3] However, the minutes of the plea proceeding show that Serrano responded affirmatively to the court's question whether he knew that by pleading guilty he "must be sentenced to jail." Thus, appellant's second contention is refuted on the face of the record.

■ Finally, Serrano asserts that he was unaware that he faced a mandatory minimum sentence of five years' imprisonment if he pleaded guilty. Although the record is inconclusive as to whether Serrano was in fact unaware of the minimum mandatory sentence, it does appear that Serrano's plea was entered upon an understanding that the government would recommend a sentence of seven years imprisonment. Indeed, in 1967 Serrano alleged in an earlier Section 2255 petition that the Assistant U. S. Attorney's offer of this recommended sentence amounted to a promise, a claim that Judge Rosling rejected after a three-day hearing.[4] Since Serrano by his own admission, and as the record of the plea proceeding clearly reveals, had no reason to expect a sentence of less than seven years, his alleged ignorance of the theoretical minimum penalty of five years' imprisonment could not have affected his decision to plead guilty.

■ In sum, the record discloses that Serrano entered his plea with a "full understanding of the consequences." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Furthermore, Serrano has alleged nothing to cast in doubt the clear implication of the facts disclosed in the record, that the voluntariness of his guilty plea was not influenced by his claimed ignorance of the minimum sentence. Under these circumstances, the district court properly decided that this claim did not warrant a hearing on the voluntariness of Serrano's plea. See Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); United States v. Malcolm, 432 F.2d 809 (2d Cir. 1970).

2. As amended Rule 11 provides that a court "shall not accept [a plea of guilty] * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

3. See note 1, *supra*.

4. By order of March 3, 1969, we dismissed Serrano's appeal from the denial of his previous Section 2255 motion, *cert. denied*, 395 U.S. 917, 89 S.Ct. 1758, 23 L.Ed.2d 231 (1969).