**UNITED STATES of America,**
**Appellee,**

v.

**Henry HALITZER, Defendant-Appellant.**

**No. 487, Docket 71-2071.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1972.

Decided Feb. 10, 1972.

James J. McGillan, Washington, D. C. (Ira M. Lowe, New York City, of counsel), for defendant-appellant.

Colleen Kollar, U. S. Department of Justice, Washington, D. C. (Robert A. Morse, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., Sidney M. Glazer, U. S. Department of Justice, Washington, D. C., of counsel), for appellee.

Before HAYS and OAKES, Circuit Judges, and CLARIE,* District Judge.

OAKES, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, John F. Dooling, Jr., Judge, entered August 23, 1971, denying appellant's petition under

---

* Of the District of Connecticut, sitting by designation.

28 U.S.C. § 2255 to set aside his conviction, following a plea of guilty of a violation of the Federal Narcotics Act and specifically 21 U.S.C. § 174.

The plea of guilty was entered on December 29, 1969, which was after McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) but before Bye v. United States, 435 F.2d 177 (2d Cir. 1970).

Appellant was sentenced on March 6, 1970, to imprisonment for 15 years and to pay a fine of $10,000. His petition alleged that he was not advised by the court at the time he entered his plea of guilty that he would not be entitled to parole, but the trial court found after hearing "that the petitioner did know that he would not be eligible for parole, that his plea was in no way founded on the assumption that he would be entitled to parole and that he was not entering the plea to any extent influenced by the belief or expectation that he would be eligible for parole." This finding is not excepted to here. Petitioner argues that the plea of guilty must be vacated because *McCarthy* held that when Rule 11 is not complied with, *per se*, the plea is involuntary.

The judgment of the court below must be affirmed on the basis of Korenfeld v. United States, 451 F.2d 770 (2d Cir. 1971) (at 773) (2–1 decision), which held that *Bye* is not retroactive to *McCarthy*. While the author of this opinion dissented in *Korenfeld* and still is of the view that *Korenfeld* was erroneously decided, he nevertheless considers himself bound by it, especially in view of the fact that a petition for rehearing *en banc* was denied by the court, with only his dissent.

Appellant seeks to distinguish *Korenfeld* on the basis that there the defendant "never even contended that his plea was involuntary because of his lack of knowledge of his ineligibility for parole." As the dissent in *Korenfeld* shows, however, this was not the case. See slip opinion at 646–47. As we pointed out above, appellant here does not quarrel with Judge Dooling's finding that appel-

lant did in fact know that he would not be eligible for parole at the time of the plea of guilty herein.

Accordingly, the judgment is affirmed.