Robert Steven MOSHER, Petitioner-Appellee,

v.

J. Edwin LAVALLEE, Superintendent, Clinton Correctional Facility, Dannemora, New York, Respondent-Appellant.

No. 58, Docket 73-1354.

United States Court of Appeals, Second Circuit.

Argued Nov. 5, 1973.

Decided Jan. 8, 1974.

Certiorari Denied April 1, 1974.

See 94 S.Ct. 1611.

Robert S. Hammer, Asst. Atty. Gen., of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen. and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for respondent-appellant.

Michael Meltsner, New York City, for petitioner-appellee.

Carl A. Vergari, Dist. Atty. of Westchester County, Janet Cunard, Senior Asst. Dist. Atty., and Jon Willcox, Asst. Dist. Atty., White Plains, N. Y., for amicus curiae.

Before WATERMAN, FRIENDLY, and TIMBERS, Circuit Judges.

PER CURIAM:

On this appeal from an order entered in the Southern District of New York, Frederick van Pelt Bryan, District Judge, granting a state prisoner's petition for a writ of habeas corpus after an evidentiary hearing, the essential issue is the correctness of the district court's conclusion that the prisoner's guilty plea must be vacated because it was involuntarily entered or because the prisoner was denied the effective assistance of counsel. We hold that the district court's findings of fact are not clearly erroneous and that its conclusions of law reflect a correct application of the controlling law. We affirm.

In view of the district court's detailed statement of both the facts and the controlling law, it is sufficient for our purpose merely to state the claims asserted and the district court's rulings thereon, with which we agree.

Mosher and two co-defendants were indicted in the Westchester County Court for the March 1964 armed robbery of the United States Post Office at Maryknoll Seminary, Ossining, New

York. After first pleading not guilty to the four count indictment, Mosher on June 17, 1964, before Hon. Robert J. Trainor, changed his plea to one of guilty to the count charging armed robbery in the first degree. On July 9, 1964, Judge Trainor sentenced Mosher as a second felony offender to not less than 40 nor more that 60 years.

After exhausting state remedies with respect to his conviction and sentence,[1] Mosher commenced the instant habeas corpus proceeding in the district court. His claims that his guilty plea was involuntarily entered and that he was denied the effective assistance of counsel turn upon the events of the morning of June 17, 1964 just prior to the entry of his plea of guilty. The district court, finding that issues of fact were raised by the papers submitted on the habeas corpus application, held an evidentiary hearing. At this hearing there was testimony by Justice (formerly Judge) Trainor, Mosher, his two co-defendants, the attorney for one of the co-defendants, and James T. Morahan, Esq., the retained attorney for Mosher at the time of his guilty plea in the County Court.

The critical findings made by the district court after the evidentiary hearing are as follows:

"1. Mosher was induced to plead guilty by representations and assurances given him by his counsel, Morahan, which Mosher believed, that Judge Trainor had promised to give him a minimum sentence of 15–16 years if he [pleaded guilty].[2]

2. No such promise had in fact been made by Judge Trainor and the representations and assurances given to Mosher by Morahan that such a promise had been made by the Judge were contrary to the fact and untrue.

3. The sentence of 40–60 years received by Mosher on his guilty plea was directly contrary to the assurances given by Morahan to Mosher as to the Judge's promise as to the sentence which would be imposed." 351 F.Supp. at 1107.

On the basis of these findings, which we hold were not clearly erroneous, the district court concluded that Mosher's guilty plea must be vacated because it was involuntarily entered and also because Mosher was denied the effective assistance of counsel. We agree.

The State correctly notes that this is not a case like those where a guilty plea has been held involuntary because induced by an unfulfilled promise of a lenient sentence made by a judge or prosecutor. See, e. g., Santobello v. New York, 404 U.S. 257 (1971). On the other hand, this is likewise not a case where a defendant's belief that he will receive leniency is induced by an erroneous estimate *made by defense counsel*, see United States ex rel. Scott v. Mancusi, 429 F.2d 104, 108 (2 Cir. 1970), cert. denied, 402 U.S. 909 (1971); United States ex rel. Bullock v. Warden, 408 F. 2d 1326, 1330 (2 Cir. 1969), cert. denied, 396 U.S. 1043 (1970), nor is this a case where a defendant pleads guilty under the *subjective* mistaken impression or belief that a promise has been made by a judge of a lenient sentence and instead a heavy sentence is imposed, see United States ex rel. Curtis v. Zelker, 466 F.2d

1. Mosher's conviction and sentence were affirmed on direct appeal. People v. Mosher, 29 App.Div.2d 549, 286 N.Y.S.2d 791 (2nd Dept. 1967) (mem.). Leave to appeal to the New York Court of Appeals was denied on March 27, 1968.

Coram nobis petitions, raising substantially the same issues as in the instant habeas corpus proceeding, were denied without a hearing by the Westchester County Court on December 16, 1968. The Appellate Division affirmed. People v. Mosher, 33 App.Div.2d 906, 307 N.Y.S.2d 846 (2nd Dept. 1970) (mem.). Leave to appeal to the New York Court of Appeals was denied on April 17, 1970.

2. The portion in brackets conforms to the district court's findings, 351 F.Supp. at 1106, and corrects the erroneous statement under paragraph "1.", 351 F.Supp. at 1107.

1092, 1098 (2 Cir. 1972); United States ex rel. LaFay v. Fritz, 455 F.2d 297, 302–03 (2 Cir.), cert. denied, 407 U.S. 93 (1972); in neither of these situations will the guilty plea be held to have been involuntary.

The instant case is the rare one—unique in this Circuit so far as we know—where after an evidentiary hearing the district court has made a finding based on substantial evidence that the state prisoner has sustained his burden of proving that the circumstances as they existed at the time of the guilty plea, *judged by objective standards,* United States ex rel. Curtis v. Zelker, *supra,* 466 F.2d at 1098, reasonably justified his mistaken impression—here, a false statement by defense counsel to Mosher that a promise of a minimum sentence had been made by the judge who thereafter imposed the maximum sentence.

We also agree with the district court's alternative holding that under the particular circumstances of this case Mosher's guilty plea must be vacated because he was denied the effective assistance of counsel. Cf. United States ex rel. Marcelin v. Mancusi, 462 F.2d 36, 42–43 (2 Cir. 1972), cert. denied, 410 U.S. 917 (1973), and authorities there cited. And we hold that the district court did not abuse its discretion, following by analogy Santobello v. New York, *supra,* 404 U.S. at 263, in fashioning relief here so as to grant to the state courts the option of requiring that Mosher be given the sentence he thought he had bargained for, or permitting him to withdraw his guilty plea and to stand trial on the indictment.

Finally, we note that this case provides a striking example of the desirability of opening up the plea bargaining procedure, as recommended by the ABA Standards Relating To Pleas Of Guilty (Approved Draft, 1968) and the ALI Model Code Of Pre-Arraignment Procedure, Tent.DraftNo.5, Art.350 (April 1972).

Affirmed.