Robert Steven MOSHER, Petitioner,

v.

J. Edwin LaVALLEE, Superintendent Clinton Correctional Facility, Dannemora, New York, Respondent.

No. 71 Civ. 707.

United States District Court, S. D. New York.

Jan. 31, 1978.

Robert Steven Mosher, pro se.

Louis J. Lefkowitz, Atty. Gen. for the State of New York, Albany, N. Y.; Robert S. Hammer, Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM AND ORDER

FREDERICK van PELT BRYAN, Senior District Judge:

On July 9, 1964, petitioner Mosher was sentenced by the County Court of Westchester County as a second felony offender to a term of 40–60 years on a plea of guilty to armed robbery in the first degree. The other three charges made in the indictment were withdrawn.

In 1972, Mosher, after exhausting his state remedies, including a coram nobis proceeding, brought a petition for habeas corpus in this court. He alleged that his plea of guilty was involuntary and that both plea and sentence must therefore be set aside. He contended, first, that the sentencing judge prior to accepting his guilty plea promised that if he pleaded guilty he would receive a minimum sentence which would have been 15–16 years, that he was induced by the promise to plead guilty instead of standing trial, and that the promise was broken when the judge gave him 40–60 years which was tantamount to a maximum sentence. In the alternative, Mosher contended that even if the judge had not made such a promise, his attorney falsely represented to him that the judge had promised to give him a minimum sentence if he pled guilty and he had been induced to plead guilty by his attorney's false assurances.

After an extensive evidentiary hearing, I held that while the sentencing judge had, in fact, made no such promise to Mosher, his attorney had made false representations to him that such a promise had been made by the sentencing judge and that it was these representations which induced him to plead guilty. I therefore held that Mosher's plea was involuntary, and also that he had been denied the effective assistance of counsel in violation of his constitutional rights, 351 F.Supp. 1101 (S.D.N.Y.1972).

I declined to vacate his conviction. Instead, as a remedy, I held that under the unusual circumstances presented:

> [A] fair and just solution would be to permit the state courts to determine whether Mosher should be permitted to withdraw his plea of guilty to armed robbery and stand trial for the crimes with which he was charged, or to reduce his sentence to 15–16 years, which was what he expected.

351 F.Supp. at 1112 (footnote omitted). My order of June 8, 1973, granting his petition, so provided.

On January 8, 1974, the Court of Appeals, in a *per curiam* opinion, affirmed the decision below in all respects. 491 F.2d 1346 (2d Cir.), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). In so doing, the Court of Appeals said:

> [W]e hold that the district court did not abuse its discretion, following by analogy *Santobello v. New York, supra*, 404 U.S. at 263, in fashioning relief here so as to grant to the state courts the option of requiring that Mosher be given the sentence he thought he had bargained for, or permitting him to withdraw his guilty plea and to stand trial on the indictment.

491 F.2d at 1348.

On remand, Mosher, duly represented by Legal Aid counsel, appeared before Judge Dachenhausen of the Westchester County Court on May 3, 1974 and May 8, 1974.

Mosher took the position that under the United States District Court decision, he had the right to have his sentence reduced to 15–16 years. After hearing extensive argument by the Westchester County District Attorney on behalf of the People, by Mosher's counsel and by Mosher himself, Judge Dachenhausen refused to exercise one of the two options set forth in my Order of Remand to the state courts, i. e., to reduce Mosher's sentence to 15–16 years. Instead, Judge Dachenhausen exercised the other option granted by my Order which was to permit Mosher to withdraw his plea of guilty and stand trial on the original indictment. The District Attorney of Westchester County advised the Court that he was prepared to proceed with the trial in the event that the guilty plea was withdrawn.

However, Mosher refused to withdraw his plea of guilty or to consent to a retrial and insisted that he was entitled to have his sentence reduced to 15–16 years. He persisted in this refusal and in his insistence that his sentence must be reduced to 15–16 years despite a full and complete explanation to him by Judge Dachenhausen of the two options open to the County Court under my Order of Remand and the right of the County Court to decline to exercise one of them and adopt the other.

After Mosher's final refusal to withdraw his guilty plea and stand retrial and his insistence on a reduction of his sentence to 15–16 years, to which he clearly was not entitled, the County Court, with reluctance, remanded Mosher to serve the balance of the 40–60 year sentence originally imposed. The County Court felt that it should not override Mosher's refusal to withdraw his guilty plea and stand trial by directing that the plea be considered withdrawn, a not-guilty plea entered, and the case retried on the not-guilty plea.* The Court pointed out, among other things, that if the plea of guilty was withdrawn, Mosher would have the opportunity of renewed plea-bargaining with the Westchester County District Attorney before the retrial was commenced.

Mosher appealed from that decision to the Appellate Division, Second Department. While the appeal was pending, on July 8, 1974, Mosher's attorney obtained an order to show cause from Judge Dachenhausen, returnable on July 15, 1974, to the effect that Mosher be brought before the Court "so that compliance with the mandate of the Federal Court as indicated in the attached affirmation may be had." According to the supporting affidavit of Mosher's counsel, Mosher had not waived his right to withdraw his guilty plea during the May 3 and May 8 hearings. Counsel requested that the County Court, presumably with Mosher's consent, direct that the case be retried if no satisfactory plea-bargain could be worked out.

However, on July 15, 1974, when the Order to Show Cause came on for hearing before Judge Dachenhausen, petitioner's counsel, William J. Hurley, Esq., of the Legal Aid Society of Westchester County took a strange position. He advised the Court as follows: "At this time, your Honor, it is with mixed reaction that I must inform the Court that we withdraw our motion in this case on behalf of defendant Robert Steven Mosher." Counsel went on to say that he had discussed the motion with Mosher, who apparently had deliberately chosen not to appear, even though he was then on furlough from prison, that "Mr. Mosher would prefer that the position be taken that this Court has no jurisdiction over him in view of what transpired in the early part of May, specifically May 8, 1974, and against the perhaps better judgment of counsel, he preferred to pursue the matter in Federal Court." Counsel felt, therefore, that he must comply with his client's wishes in this respect and withdraw the motion. The Court responded, "So that's the end of

---

* N.Y.Crim.Proc. § 220.50(3) provides that a court must enter a not-guilty plea where at the time of indictment a defendant who is required to plead refuses to do so or remains mute. However, I can find no provision in New York law giving a judge the power to order that a guilty plea be withdrawn simply because the judge thinks it in the best interests of the defendant to do so.

it." On February 18, 1975, the Appellate Division, Second Department, issued an order dismissing Mosher's appeal from the County Court remand of May 8, 1974.

Nothing further occurred until August 24, 1977, more than two and a half years later, during which Mosher evidently remained in prison. Then, Mosher, acting pro se, filed in this Court what he denominated a "Motion For A Declaratory Judgment" from the writ of habeas corpus issued by me in 1972.

It was difficult to make out from Mosher's petition what had actually transpired in the County Court subsequent to the granting of the writ by this Court. I requested that the Office of the New York Attorney General, who represented the State in the habeas corpus proceedings before me, supply me with a full record of all relevant proceedings in the State Courts following my Remand Order. After a long and unexplained delay, on December 27, 1977, I received the transcripts and related papers from the District Attorney of Westchester County.

Mosher's position on his "motion" before me, as stated in his moving papers, is more than a little confusing. In substance, however, he appears to contend that the County Court did not have a choice about whether to (1) permit him to withdraw his guilty plea and stand trial, or (2) reduce his sentence to 15–16 years. Instead, Mosher appears to believe that it was *he* who had the option to elect whether to withdraw his guilty plea and stand retrial or to have his sentence reduced to 15–16 years, that he had elected the second of these options, and that he was therefore entitled to the sentence reduction. He is entirely mistaken in that contention.

In my Order of Remand, the option of determining whether to reduce Mosher's sentence to 15–16 years or permit him to withdraw his guilty plea and be tried was plainly in the hands of the County Court and was not given to Mosher. The County Court exercised its option by giving Mosher the opportunity to withdraw his guilty plea and be retried. It was proper for the County Court to reject the option of reduction of sentence to 15–16 years. Mosher was sadly mistaken in the claims he made before the County Court on remand. The County Court went out of its way to explain the situation to him and to persuade him to accept the offer to withdraw his plea. Mosher stubbornly refused to do so throughout the hearings before the County Court on May 3 and May 8, 1975.

His refusal to do so was nailed down by his insistence that his counsel withdraw the motion before the County Judge of July 15, 1974 as well as his refusal to appear before the Court at that time.

Mosher's petition before me, filed on October 24, 1977, which is in substance a request that this Court grant him the relief denied him by County Judge Dachenhausen, is in all respects denied. It is so ordered.

However, it seems most unfortunate that Mosher stubbornly refused to accept the relief granted him by this Court, which the County Court so conscientiously attempted to afford him. By so doing, he put himself in a position where he can be compelled to serve the balance of his 40–60 year sentence without being granted any relief. It may be that now that the meaning and intent of this Court's Order for Remand has again been fully explained to him, and he has been shown the error of his ways, he will realize the egregious mistake he has made and be willing to accept an offer which will permit him to withdraw his plea of guilty and stand trial. If so, perhaps his counsel might bring before the Westchester County Court a motion in which Mosher seeks to withdraw his guilty plea and ask the County Court, even at this late stage, to permit him to do so and stand trial. Whether or not, under the unusual circumstances here, the County Court will permit him to do so, will, of course, be up to the County Court.