NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-1609
_____

UNITED STATES OF AMERICA

v.

SHERMAN HOUSER
a/k/a Jermaine McKelly

SHERMAN HOUSER,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-07-cr-00525-003)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2010

Before:  SLOVITER, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Filed: 12/20/2010)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

I.

Appellant Sherman Houser pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and one count of aiding and abetting the possession with intent to distribute 100 grams or more of heroin, in violation of § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.

Early in the case, Houser's defense counsel, Bruce Throckmorton, filed a notice of eight pre-trial motions to be filed. Eventually, differences arose between Houser and counsel, and Houser requested substitute counsel, which the District Court granted. During his plea colloquy, Houser admitted his guilt. Approximately a year thereafter, Houser filed a motion to withdraw his guilty plea, alleging that he misunderstood the consequences of the guilty plea. Specifically, Houser claimed to believe that his previously filed motions would still be decided after his guilty plea, referring specifically to his motion for dismissal based on speedy trial grounds and a motion to suppress certain evidence obtained through a wiretap and a search warrant.

He argued that because he did not fully understand the consequences of the guilty plea, he did not knowingly and voluntarily enter into it. The District Court held a hearing on the motion, and rejected the motion after careful consideration of the record and testimony from both Houser and Throckmorton about their meetings and discussions.

Houser was sentenced to a total of 228 months in prison with four years supervised release. He now appeals the denial of his motion to withdraw his guilty plea.[1]

## II.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989). A defendant may withdraw a court-accepted guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The guilty plea cannot be withdrawn on a "whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

This court considers three factors when examining a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." *Huff*, 873 F.2d at 712. Defendants who move to withdraw their guilty pleas must offer facts to show why they initially pled guilty, and why they now assert innocence. *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001). "Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *Jones*, 336 F.3d at 252.

Houser argues that the District Court applied the wrong legal standard to his motion to withdraw his guilty plea. We review this question of law de novo. *See United States v. Bentz*, 21 F.3d 37, 38 (3d Cir. 1994). Houser contends that instead of using the three-part test described above applicable to defendants who moved to withdraw their

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291.

guilty pleas prior to sentencing, the Court used a standard reserved for motions brought after sentencing. He argues that the Court erred in relying upon *United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976), for this purpose.

We disagree. The District Court relied upon *Crusco* to help resolve the reasonableness of Houser's misunderstanding of guilty plea consequences and, from there, to determine the strength of Houser's reason to withdraw his guilty plea. Houser states that: "[t]he heart of [his] motion is his ignorance of the consequences of his plea, and its consequent lack of voluntariness." Appellant's Br. at 21. In *Crusco*, we stated: "[w]here the record shows that 'circumstances as they existed at the time of the guilty plea, judged by objective standards, reasonably justified his mistaken impression,' a defendant must be held to have entered his plea without full knowledge of the consequences and involuntarily." 536 F.2d at 24, *citing Mosher v. Lavallee*, 491 F.2d 1346, 1348 (2d Cir. 1974). It follows that the District Court was required to consider the reasonableness of Houser's misapprehension to evaluate his reason for withdrawal. The District Court applied the appropriate legal standard.

Houser fails the first part of the test because he never asserted his innocence, as he acknowledges: "Admittedly, defendant does not assert his innocence." Appellant's Br. at 19.

Second, the District Court concluded that the withdrawal of his guilty plea would prejudice the government because of the time that had elapsed since Houser's arrest. Houser moved to withdraw his guilty plea over a year after he pled guilty, and over two years after the time of his offenses. Given the time that elapsed between his guilty plea

4

and motion to withdraw that plea, the District Court did not abuse its discretion in finding prejudice.

Third, Houser's reasons for withdrawal of his plea relate to his alleged misapprehension of the consequences resulting from that plea, and his assertion of not knowingly and voluntarily entering into it. Houser claims that his ignorance of the consequences was objectively reasonable because he lacked education and knowledge of the legal system, repeatedly asserted his desire to have his motions heard, rejected two plea agreements at least in part because of said motions, and alleged that the District Court and his attorney both failed to tell him that a guilty plea meant his motions would go unanswered.

Houser fails this part of the test as well. The District Court considered his arguments and, using the appropriate standard from *Crusco*, concluded that Houser's misunderstanding was unreasonable. Houser repeatedly acknowledged his understanding of the proceedings and what a guilty plea meant, including that he gave up his right to a jury trial by pleading guilty. Although the District Court did not mention the effect Houser's guilty plea would have on his pretrial motions, it was unreasonable for Houser to infer that those motions would remain relevant; they dealt with trial-related matters and a guilty plea meant no trial would take place. Additionally, the District Court cited Throckmorton's notes and testimony to support the argument that Houser recognized that a guilty plea meant waiver of pretrial motions.

Based on the evidence presented, the District Court determined that Houser's belief that his motions would remain at issue after a guilty plea was unreasonable. The District Court did not abuse its discretion in concluding that Houser's guilty plea was not unknowing or involuntary.

III.

For the foregoing reasons, we will affirm the District Court's denial of Houser's motion to withdraw his guilty plea.