911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony T. WARNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3781.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Anthony T. Warner appeals the dismissal of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. For the following reasons, we affirm in part and remand in part.
 
 I.
 
 2
 On June 24, 1980, the Cuyahoga County (Ohio) Grand Jury indicted Warner on one count of aggravated murder and one count of aggravated robbery. Warner pled not guilty at his arraignment. However, on December 18, 1980, Warner withdrew his former plea and entered a plea of guilty to a lesser charge of murder and the aggravated robbery count. The Cuyahoga County Common Pleas Court, Judge John J. McMahon presiding, sentenced Warner for an indefinite term of fifteen years to life imprisonment on the murder charge and four to twenty-five years imprisonment on the robbery charge, the sentences to run concurrently. Judge McMahon ordered Warner to be turned over to the federal authorities for his prosecution on the federal charges.
 
 
 3
 On December 29, 1980, Warner pled guilty to two counts of armed bank robbery in connection with an indictment returned by a grand jury in the Central District of California (voluntarily transferred to the Northern District of Ohio pursuant to Fed.R.Crim.P. 20). At the hearing, United States Senior District Judge William Thomas asked Warner whether there were any promises made to him that are not in the record, and Warner responded "No, sir." On March 5, 1981, the district court sentenced Warner to twenty-two years imprisonment on each count, with the sentences to run concurrently. The court clearly stated that the "federal sentence will go into effect, but in no way will that be shortened or modified by the state sentence. The state sentence still exists, and if, indeed, you are ever paroled from federal imprisonment, you would then, I believe, be subjected to serve time as a state prisoner." J.App. at 27.
 
 
 4
 Warner argued in his direct appeal in the state court system that the parties had agreed that the state and federal sentences would be served concurrently, not consecutively. Since the state sentence was imposed first, Warner argued that the state prosecutor was supposed to recommend to the state court that the state sentence would be concurrent to any federal sentence after the federal sentence was imposed. The Ohio Court of Appeals ruled that there was no evidence of any such agreement in the record, and the court therefore overruled this count of error in the appeal.
 
 
 5
 In the instant section 2255 petition, Warner made three claims: (1) the U.S. Attorney breached the plea agreement by not recommending that the federal sentence be imposed concurrently; (2) his counsel provided ineffective assistance of counsel to Warner by counseling him to answer "no" to the court's inquiries about any promises made to induce the guilty plea; and (3) the guilty plea, induced by the erroneous belief of a promise of a concurrent sentence, was not knowing and voluntary. The district court rejected the first claim, noting that the record reveals no such promise of concurrent sentences by the prosecutor but instead reflects Warner and his counsel's knowledge that the sentences were to be consecutive. J.App. at 30-31. With respect to the ineffective assistance of counsel claim, the district court decided that Warner was estopped from asserting his claim because of his answers at the sentencing hearing, stating that no promises had been made inducing him to plead guilty. Id. at 23-30. Finally, the court concluded that Warner is collaterally estopped from bringing his claim that his plea was based upon misinformation because the state court of appeals had already dismissed this argument.
 
 II.
 
 6
 Under 28 U.S.C. Sec. 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing...." Warner contends that the district court should have held a hearing to determine whether the government's failure to fulfill its promise to recommend concurrent federal and state sentences rendered his plea involuntary. Warner relies upon the affidavit of his former counsel, which states that such a promise was part of the plea bargain reached.
 
 
 7
 We believe that Warner is estopped from raising additional promises not fulfilled by the government. In Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 101 (1986), the court decided that where the proper procedures were followed (making sure that the plea was voluntary and not induced by promises unbeknownst to the court), the " 'defendant is bound by his statements in response to that court's inquiry.' " 781 F.2d at 90 (citations omitted). The Baker court noted that "it is impossible ... to properly administer a plea agreement if it consists of secret terms known only to the parties" and concluded:
 
 
 8
 [W]here Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court, and that therefore, there was no breach of agreement in this case. Defendant's plea was knowing and voluntary.
 
 
 9
 Id. The Baker court also noted that since the judge was the same in the plea hearing and the habeas action, he was "in a position to recall the facts and circumstances surrounding the plea after consulting the record." Id. at 92. As such, the Baker court ruled that the district court properly overruled the motion without holding an evidentiary hearing. See also Johnson v. Fogg, 653 F.2d 750 (2d Cir.1981) (per curiam) (prisoner's claim about being misled by his attorney is belied by his own statement at the plea hearing that he received no additional promises; such representations present a formidable barrier in collateral proceedings), cert. denied, 456 U.S. 907 (1982).
 
 
 10
 In the instant case, because Warner stated to Judge Thomas that there were no additional promises inducing him to plead guilty, he cannot now raise such a promise. Warner's explanation that he was counseled by his attorney to answer in the negative is not an adequate reason for lying to the court about this promise. In any event, counsel's statement at the plea acceptance hearing that "[Warner] is serving the State time and this time is to run consecutively," and the court's statement to Warner that his time would be served consecutively both demonstrate that Warner knew that his federal and state sentences would be consecutive. Since Judge Thomas gave him a chance to withdraw his plea at the time of the sentencing, there can be no argument that Warner thought that the sentences would be concurrent. As such, we conclude that the district court did not err in dismissing Warner's claim that his guilty plea was not knowing and voluntary.
 
 III.
 
 11
 Warner also alleges that he was denied effective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56 (1985) ("the voluntariness of the plea depends upon whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' "). Warner contends that his attorney's advice to him that he tell the judge that there were no promises inducing him to plead guilty in the face of an unwritten promise of concurrent sentences constituted ineffective assistance of counsel.
 
 
 12
 In order to show ineffective assistance of counsel, Warner must prove: (1) counsel's representation fell below an objective standard of reasonableness; and (2) "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 57 & 59. In Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988), this court decided that "gross misadvice [from counsel] concerning parole eligibility can amount to ineffective assistance of counsel," and that such a claim is entitled to an evidentiary hearing.
 
 
 13
 The government argues that any misadvice concerned the modification of the state sentence of imprisonment, not the federal plea. Specifically, the government alleges that his counsel thought that the federal prosecutor would recommend that the state court modify its sentence to be concurrent with the federal sentence, a likelihood it finds to be too tenuous to constitute prejudice. We believe that since the record does not disclose any such promises, it may have been constitutional error for counsel to recommend acceptance of the plea bargain and to counsel Warner to respond in the negative to Judge Thomas's inquiries about any promises made to him. We note that our willingness to remand this case for an evidentiary hearing is not based solely upon Warner's insistence that his lawyer advised him to lie, but instead also depends upon counsel's affidavit stating that he recommended such action to Warner. In light of the conflicting facts in the allegations, we believe that an evidentiary hearing is necessary to sort through this messy factual situation.[1]
 
 IV.
 
 14
 For the foregoing reasons, we AFFIRM the dismissal of the claim on the voluntariness of the plea, and REMAND the claim of ineffective assistance of counsel for an evidentiary hearing.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge of the Western District of Tennessee, sitting by designation
 
 
 [1]
 We reject the district court's argument that Warner is estopped from raising the ineffective assistance of counsel claim. Warner's statements at the Rule 11 hearing do not estop him from claiming that his attorney was responsible for his lies to the court--an exception to the estoppel rule of Baker